UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2012 JUN 25 PM 3:20
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Darlene Zackery,

Plaintiff,

v.

Commercial Recovery Systems, Inc.,

Defendant.

Case No.

6:12-cv-955-Orl-31GJK

COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, FLORIDA CONSUMER COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF

JURY DEMAND ENDORSED HEREIN

## PARTIES

1. Plaintiff is a natural person who resided in Maitland, FL at all times relevant to this action.

2. Defendant is a Texas corporation that maintained its principal place of business in Dallas, TX at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Section 559.55 et seq. of the Florida Statutes ("FCCPA"), because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

7. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

8. The principal source of Defendant's revenue is debt collection.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. Defendant is a "debt collector" as defined by the FCCPA, Florida Statutes §559.55(6).

11. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to HSBC Finance, which had been incurred for personal rather than commercial purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The alleged obligation is a "debt" as defined by Florida Statutes §559.55(1)

14. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and Florida Statutes §559.55(2).

16. On or around August 31, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt. During this communication, Defendant threatened to garnish Plaintiff's Social Security pension.

17. At the time of the above communication, Defendant had neither the intent nor the ability to garnish Plaintiff's social security pension.

18. On or around October 19, 2011, Defendant's agent or employee, named Mike Stone, telephoned Plaintiff in connection with the collection of the debt and left a voice message.

19. During this communication, Defendant stated, "Yes, this message is for Darlene Zackery. Darlene, my name is Michael Snow with Commercial Recovery Systems. Complaints have been filed in my office against you, which I was hoping to speak to you. Case number 3037236. I received notice to recommend immediate direct action within the laws within your state. If you wish to make a statement, you must call Mike Snow 800-214-5354. I would appreciate the courtesy of a return call."

20. As the above communication made reference to a complaint filed in Defendant's office, provided a case number, and discussed the laws within Plaintiff's state, Plaintiff believed this above message was a communication from a law firm or from an attorney.

21. Defendant is not a law firm and Michael Snow is not an attorney.

22. In the above communications, Defendant failed to identify itself as a debt collector calling in connection with the collection of the debt.

23. Defendant caused Plaintiff emotional distress.

24. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

25. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

26. In support hereof, Plaintiff incorporates paragraphs 16-21 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Defendant violated 15 U.S.C. §1692e11 by failing to state that Defendant is a debt collector calling in connection with the collection of the debt.

28. In support hereof, Plaintiff incorporates paragraphs 16, 19, 22 as if specifically stated herein.

## COUNT THREE

### Violation of the Florida Consumer Collections Practices Act

29. Defendant violated Florida Statutes §559.72(12) by orally communicating with Plaintiff in such a manner as to give the false impression or appearance that such person is or is associated with an attorney.

30. In support hereof, Plaintiff incorporates paragraphs 19-21 as if specifically stated herein.

## JURY DEMAND

31. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

32. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment against Defendant for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to Florida Statutes §559.77(2).

c. Judgment against Defendant for punitive damages pursuant to Florida Statutes §559.77(2).

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, LLP

By: _____
Fauzia A. Makar
Bar # 72123
2901 West Busch Blvd, Suite 701
Tampa, FL 33618
Telephone: 866-339-1156
Email: fmakar@maceybankruptcylaw.com
Attorneys for Plaintiff